# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Commonwealth ex rel. Dennis Boyle *v.* Robert E. Mercer et al., Allegheny Co. Comrs., Appellants.

*Municipalities—County commissioners—Contracts—Employment of clerks —Acts of May* 1, 1861, *April* 6, 1871, *March* 6, 1872, *Feb.* 20, 1873.

Under the acts of April 6, 1871, § 9, P. L. 478, March 6, 1872, § 1, P. L 208, and Feb. 20, 1873, § 1, P. L. 137, the county commissioners of Allegheny county have the right to employ clerks at a salary to do the work of transcribing registry books and treasurer's books and extending taxes and writing shelve and school books. They are not required to let such work out by contract under the act of May 1, 1861, P. L. 454.

Argued Oct. 24, 1894. Appeal, No. 114, Oct. T., 1894, by defendants, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1894, No. 746, awarding peremptory writ of mandamus. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Petition for mandamus to require letting of contract of transcribing to lowest bidder.

The facts appear by the opinion of the Supreme Court. The character of the work specified in the resolution recited in the opinion of the Supreme Court was admitted by the pleadings.

*Error assigned* was in awarding writ of mandamus.

*N. S. Williams*, for appellants, cited : Com. v. Mercer et al.; Pitts. L. J. Nov. 1, 1893; McCandless v. Bessemer Steel Co., 152 Pa. 146; Com. v. Grier, 152 Pa. 176 ; act of Feb. 20, 1873, P. L. 137; act of 1879, P. L. 72; act of July 6, 1883, P. L. 183, section 2; High, Ex. Rem. § 32; Com. v. Pittsburg, 34 Pa. 496 ; Easton v. Water Co., 97 Pa. 560 ; State v. Grubb, 85 Ind. 213; Bracken v. Wells, 3 Texas, 88; Tabor v. Commissioners, 29 Tex. 508; Spelling, Ex. Rel. § 1642.

*W. J. Brennen, Wm. Yost* with him, for appellee, cited : Bell v. Co., 149 Pa. 381 ; Com. v. Grier, 152 Pa. 176 ; Harrisburg v. Sheck, 104 Pa. 57; Girard Twp. v. Girard Boro., 86 Pa. 23; Brown v. Comrs., 21 Pa. 37; acts of April 15, 1834, § 20, P. L. 537; May 1, 1861, §§ 11, 17, P. L. 450; April 6, 1871, § 9, P. L. 478; March 6, 1872, §§ 1, 6, P. L. 208; March 31, 1876, P. L. 13.

OPINION BY MR. JUSTICE DEAN, Nov. 12, 1894:

Dennis Boyle, Robert E. Mercer and James G. Weir compose the Board of County Commissioners for Allegheny county. On the 9th of January, 1894, by a vote of Mercer and Weir, a majority of the board (against the protest of Boyle), joined by James A. Grier, County Controller, making up what is known as the Salary Board, the following resolution was passed:

" That they employ clerks when necessary to do the transcribing of registry books, and the treasurer's books, and extending taxes, and writing shelve and school books, at the sum of $2.50 per day. The number not to exceed 40 clerks."

Mr. Boyle, believing that this mode of having the work done was contrary to law, petitioned the court below for a mandamus directed to the other two commissioners, commanding them to join with him in letting the work to the lowest bidder, which the court awarded. From that decree the commissioners take this appeal.

There is but a single question in the case. Are the commissioners to have this work done under the act of May 1, 1861, or under the act of April 6, 1871, and its supplements ?

· The act of 1861 provides that all contracts made by the commissioners, involving an expenditure of more than twenty dollars, shall be in writing, and that all contracts involving an

expenditure of more than one hundred dollars shall be made with the lowest and best bidder, after due notice to be published.

The 9th section of the act of 1871 enacts that " The County Controller and the County Commissioners, shall be, and they are hereby constituted a board, whose duty it shall be to meet together from time to time, as they may be required by any of the officers whose salaries are established by this act, for the purpose of ascertaining and determining the number of clerks and deputies required for the proper dispatch of business by each such officer, and also for fixing the salary of [each said clerk and deputy."

The act further provided that if either of said officers alleged the number of clerks fixed for his office was too few, or their compensation too small, he should have an appeal from the decision of the salary board to the court of common pleas.

This was followed by the supplement of the 6th of March, 1872, in section 6 of which it is provided that the county commissioners shall each receive in lieu of all other compensation an annual salary of $2,000. Then followed another supplement, that of 20th of February, 1873, which enacted that all salaries payable to the different officers of Allegheny county and their clerks, should be payable monthly, and the salaries of clerks should be fixed as provided by the 9th section of act of 1871.

It seems to us clear, that the act of 1871 directed that the Salary Board should fix the number of clerks to be employed by all salaried officers, and their compensation; that the act of 1872 declared the office of county commissioner a salaried office, and the act of 1873 in effect declared the number of clerks in that office and their compensation should be determined by the Salary Board as provided in section 9 of the act of 1871. Then came the general act of 1876 and supplements, which, in substance, carried into effect section 5, article XIV of the constitution, by extending over the whole state the provisions of the local acts for Allegheny county. And the general act of 1883 is a re-enactment of the material provisions of these acts so far as relates to clerks and their compensation.

The act of February 20, 1873, by directing that all salaries should be paid monthly and all clerks' salaries should be fixed as specified in section 9 of the act of 1871, after the office of county commissioner had been constituted a salaried office by

section 6 of the act of 1872, took the clerks of this office out of the provisions of the act of 1861, and placed them as to number and compensation under the decision of the Salary Board.

From the facts established by the petition and answer, it is very doubtful if the kind of work to be done by these clerks was intended to be let out by contract under the 17th section of the act of 1861, even if subsequent legislation had not clearly taken it out of the class of " other writing or work " therein specified.    In many of the counties of the state now, where the population is less than 150,000, without being directed by law so to do, the county commissioners let out by contract, writing.    Transcribing worn out and illegible dockets, records and papers can be let out advantageously by contract.    But the character of this work in question, which must be done within a limited time, its uncertainty as to quantity, the necessity of constant supervision while in progress, all point to the necessity of doing it by clerks appointed for that special duty.    A banker might as well let out to the lowest bidder the keeping of journals and ledgers.    He would doubtless get lower bids than the aggregate salaries of his clerks amounted to, but he would hardly find there was much of a saving in the end.    But whether the act of 1861 could be held to include this work or not, subsequent legislation has, in distinct, positive terms, made other provision for it, and to this extent that act is not operative.

The learned judge of the court below, in his opinion, has not noticed the acts of March 6th, 1872, and 20th of February, 1873.    They were not probably brought to his attention. They are conclusive against the construction and effect given by him to the act of 1861.    Therefore the decree is reversed and petition dismissed at costs of the county of Allegheny.